**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| **Edwin Rios and Vivian Rios,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **14 C _____** |
| ) | |
| **Jacqueline Herrerias; Say Beignet Café** ) | |
| **& Wine Bar, LLC (an Illinois Limited** ) | |
| **Liability Company); the Hems Group** ) | |
| **(an Illinois Partnership); Hems Group,** ) | |
| **LLC (an Illinois Limited Liability** ) | |
| **Company),** ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT

The plaintiffs, Edwin Rios and Vivian Rios, by and through their attorney, Carlton Odim

of Odim Law Offices, complaining of Defendants, Jacqueline Herrerias ("Herrerias"), Say

Beignet Café & Wine Bar, LLC ("Say Beignet Café"), the Hems Group ("the Hems Group"),

and Hems Group, LLC ("Hems Group LLC"), state:

## Introduction

1.    Plaintiff Edwin Rios and Defendant Jacqueline Herrerias are two of four

members[1] of an at-will partnership formed under a non-written agreement to hold and manage

food and drink service businesses. The partnership held itself out as the Hems Group ("the Hems

Group"). Defendant Say Beignet Café is the first such business. The trademark "Say Beignet"™

is owned by Plaintiffs Edwin and Vivian Rios. The partners formed Defendant Hems Group LLC

to manage Say Beignet Café d/b/a Say Beignet Coffee and Wine Bar and to manage the capital

investments made in Say Beignet Café. Plaintiffs now file this action seeking (1) a dissolution of

---

[1]    The other two members are Arun Hermon and Oreal James, who are not named as parties to this action.

1

Hems Group partnership and an accounting from Herrerias; (2) the termination and winding up

of the Hems Group Partnership; (3) injunctive relief for trademark infringement by defendants of

plaintiffs' "Say Beignet" trademark and other related relief, including liquidated damages,

attorneys' fees, interest and punitive damages; (4) a judgment in excess of $18,000 in favor of

Edwin Rios and Vivian Rios and against Herrerias and Hems Group LLC for final compensation,

supplemental wages, liquidated damages, attorneys' fees, interest and punitive damages and other

related relief.

### Parties

**2.**     Plaintiff Edwin Rios is a citizen of the State of Illinois, residing in Naperville,

Will County, Illinois.

**3.**     Plaintiff Vivian Rios is a citizen of the State of Illinois, residing in Naperville,

Will County, Illinois.

**4.**     Defendant Jacqueline Herrerias is a citizen of the State of Illinois, residing in

Darien, Illinois, Dupage County, Illinois. She is an accountant by profession and performed all

the accounting functions for the Hems Group Partnership, the Say Beignet Café LLC, and the

Hems Group LLC.

**5.**     Defendant Say Beignet Café & Wine Bar, LLC is a limited liability company

organized under the laws of the State of Illinois. It is operates a restaurant at 627 East Broughton

Road, Suite 120, Bolingbrook, Illinois, doing business as (d/b/a) Say Beignet Coffee & Wine

Bar.

**6.**     Hems Group, LLC is a limited liability company organized on June 13, 2013

under the laws of the State of Illinois. It was organized for the purpose of managing Say Beignet

Coffee and Wine Bar and managing the capital investments made in Say Beignet Café.

2

## Conditions Precedent

**7.**     Vivian Rios has performed all conditions precedent to her employment with Defendants to receive the payment of her final compensation and supplemental wages. Her consent to be in this lawsuit, as required by §16(b) of the FLSA, 29 U.S.C. §216(b), is attached to this Complaint.

## Jurisdiction

**8.**     This Court has jurisdiction pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), and under §1331 of the Judicial Code, 28 U.S.C. §1331 & §1338. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to §1367 of the Judicial Code, 28 U.S.C. §1367.

## Venue

**9.**     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as, on information and belief, the Defendants reside in this District and the facts giving rise to this cause of action occurred in this District.

## Factual Background

**10.**     In or about  July 2012, Plaintiff Edwin Rios, Defendant Herrerias, Arun Hermon, and Oreal James agreed to join together for the purpose of holding and managing food and drink service businesses.

**11.**     In or about  February 2012, Plaintiff Edwin Rios, Defendant Herrerias, Arun Hermon, and Oreal James holding themselves out as the Hems Group, solicited 3.3 million dollars in investments for a food and drink service business to be called Radio Rhumba LLC.

**12.**     The Radio Rhumba LLC project did not materialize. Afterwards, the partners turned their attentions to other projects – the Mojito project and the Torch Supper Club project,

3

followed. Neither materialized.

13.     By June 2013, Edwin Rios and Vivian Rios offered and the Hems Group accepted the Rios' trademark for use with a food an drink service business that would eventually bear the name Say Beignet Café & Wine Bar, LLC.

14.     Among the terms of the offer accepted by the Hems Group were that Edwin Rios and Vivian Rios would have sole discretion in developing the standards for brand compliance and related matters at Say Beignet Coffee & Wine Bar and that payment by Hems Group, Say Beignet Café, and Hems Group LLC to Edwin Rios and Vivian Rios for the license to use the trademark would be negotiated after Say Beignet Coffee and Wine Bar opened its doors for business.

15.     In or about June 2013, the Hems Group partners directed Herrerias to file articles of organization with the Illinois Secretary of State for the Say Beignet Investments, LLC and Hems Group, LLC; directed her to name herself initially as the sole manager and member of both companies; directed her to amend the articles of organization of Hems Group LLC to show all four partners as its managers and members, after Say Beignet Café Coffee and Wine Bar opened its doors for business; and directed her to amend its articles of organization to add all four partners as its managers, after Say Beignet Café and Wine Bar opened its doors for business.

16.     Herrerias filed articles of organization for Hems Group, LLC on June 21, 2013. She filed articles of organization for Say Beignet Café & Wine Bar, LLC on August 29, 2013.

17.     Between late 2013 and in or about May 2014, the Hems Group LLC solicited and received approximately $760,000 in investments for the establishment and opening of the Say Beignet Coffee and Wine Bar.

18.     On information and belief, Herrerias, who served as the accountant for the Hems

Group partnership, Say Beignet and Hems Group LLC:

a.      Failed to accurately and correctly keep a record of the investments secured by the partnership in Say Beignet Café and/or Hems Group LLC;

b.      Failed to accurately and correctly record her investment and/or infusion of money into Hems Group, Say Beignet Café and/or "Hems Group LLC;

c.      Without authorization of her partners, improperly took distributions of profit and/or money from Hems Group, Say Beignet Café and/or "Hems Group LLC;

d.      Failed to accurately and correctly record the investments and/or infusion of money by Salomon Teran in Hems Group, Say Beignet Café and/or "Hems Group LLC;

e.      Without authorization of her partners, improperly gave distributions of money and/or profit from Hems Group, Say Beignet Café and/or "Hems Group LLC, to Salomon Teran;

f.      Without authorization of her partners, improperly gave distributions of profits and or money from Hems Group, Say Beignet Café and/or "Hems Group LLC, to her relatives and friends;

g.      Failed to amend the articles of organization of Hems Group LLC to show Edwin Rios, Arun Hermon, Oreal James, and Jacqueline Herrerias as its managers and members, after Say Beignet Café opened its doors for business;

h.      Failed to amend the articles of organization of Say Beignet Café to show Edwin Rios, Arun Hermon, Oreal James, and Jaqueline Herrerias as its managers, after Say Beignet Coffee and Wine Bar opened its doors for business;

**19.**      In or about May 2014, Say Beignet Coffee and Wine Bar opened its doors for business at 627 East Broughton Road, Suite 120, Bolingbrook, Illinois.

5

20.     Vivian Rios was employed by Say Beignet Café and/or Hems Group LLC prior to in or about April 2014 when it opened its doors for business until in or about late July 2014.

21.     In or about late July 2014, Herrerias, without authority of her three partners in Hems Group, seized control of Say Beignet Café and Hems Group LLC and all of the other assets of the Hems Group partnership. Among other actions taken to effect this seizure, Herrerias changed the locks on the Say Beignet Coffee and Wine Bar, effectively barring the plaintiff's from access to the premises of the restaurant.

22.     The actions of Herrerias in or about late July 2014, in taking unauthorized control of Say Beignet Café and Hems Group LLC and all the assets of the Hems Group is an event that undermines the Hems Group partnership and is cause for the termination and winding-up of the partnership.

23.     In or late July 2014, Say Beignet Café and/or Hems Group LLC terminated Vivian Rios' employment.

24.     At the improper instigation of Herrerias, Say Beignet Café and/or Hems Group LLC failed to pay Vivian Rios wages while she was employed and failed and refuses to pay her the final compensation that she is owed by the company. Vivian Rios has asked the defendants to no avail to pay her overdue wages.

25.     Say Beignet Café and/or Hems Group LLC presently owes Vivian Rios no less than $15,300.00 in wages and final compensation, which is being improperly withheld at the instigation of Herrerias.

26.     Say Beignet Café and/or Hems Group LLC terminated the services of Edwin Rios in or late July 2014.

27.     Say Beignet Café and/or Hems Group LLC presently owes Edwin Rios no less

6

than $3,300.00 in compensation, which is being improperly withheld at the instigation of Herrerias. Edwin Rios has asked the defendants to no avail to pay his overdue compensation.

28.     Since the improper seizure of Hems Group partnership assets by Herrerias and the improper termination of the services of Edwin Rios and Vivian Rios, the Say Beignet Coffee and Wine Bar has been the recipient of numerous negative reports from the public and has failed to fully and correctly implement the brand compliance standards developed by Edwin Rios and Vivian Rios.

29.     On information and belief, these negative reports are a direct result of Herrerias' ouster of Edwin Rios from Say Beignet Café and the Hems Group LLC, which has deprived Edwin Rios and Vivian Rios from the exercise of their discretion in the development and application of standards for brand compliance and related matters for Say Beignet.

30.     On August 18, 2014, Edwin Rios and Vivian Rios gave defendants notice to cease and desist in the use of the trademark Say Beignet.

31.     The defendants have refused and continue to refuse to cease and desist in the use of the trademark Say Beignet.

32.     Edwin Rios and Vivian Rios are developing franchise businesses using the Say Beignet trademark and are soliciting investors for that purpose.

33.     The defendants became competitors with Edwin Rios and Vivian Rios upon the Rios' withdrawal from the defendants of the license to use the Say Beignet trademark. Upon information and belief, defendants continue to promote, market, offer for sale, restaurant services and products using the Say Beignet trademark in an effort to mislead and confuse prospective consumers and purchasers.

34.     Upon information and belief, defendants' actions are part of a deliberate attempt to

profit from the Say Beignet trademark, while diverting new business and capital business investments away from Plaintiffs. These actions will continue unless enjoined by this Court.

## COUNT ONE
### (Judicial Dissolution of Partnership)

**35.**     Plaintiff Edwin Rios repeats and realleges each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

**36.**     A judicial dissolution under 805 ILCS 206/405 is required, as it is not reasonably practicable for the partners to carry on the activities of the Hems Group partnership in conformity with the non-written agreement of the partners.

**37.**     WHEREFORE, the plaintiff Edwin Rios prays for a judgment against the defendant Hems Group and Defendant Herrerias:

a.     That the partnership be adjudged dissolved; and

b.     For an accounting by Defendant Hems Group and Defendant Herrias of all dealings and transactions involving the partnership, including of Say Beignet Café and Hems Group LLC; and

c.     That a receiver of the rights, assets, and goodwill of the partnership be appointed with the usual powers to dispose of them, collect the debts due for the benefit of all parties entitled to them, and pay all just debts and expenses, including the costs of this action; and

d.     That after the payment out of the assets of all just debts of and charges against the partnership, and the costs and disbursement of the action and of the receivership, the proceeds of the residue be divided between the parties according to their respective rights; and

e.     For such other and further relief as the court may deem proper.

## COUNT TWO
### (Breach of Fiduciary Duties: Edwin Rios against Herrerias)

**38.** Plaintiff Edwin Rios repeats and realleges each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

**39.** The actions of Herrerias as described in the preceding paragraphs constitute a breach her fiduciary duty of loyalty and her fiduciary duty of care under 805 ILCS 205/404(a) to the plaintiff Edwin Rios.

**40.** WHEREFORE, Edwin Rios prays for a judgment against Herrerias:

a. For an accounting by Defendant Herrerias of all dealings and transactions involving the partnership, including of Say Beignet Café and Hems Group LLC; and

b. That Herrerias pay the Hems Group partnership and/or Edwin Rios the amount of damage caused by her breach, including attorney's fees and costs of this action; and

c. For such other and further relief as the court may deem proper.

## COUNT THREE
### (Trademark Infringement and False Designation of Origin:
### Edwin and Vivian Rios Against all Defendants)

**41.** Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

**42.** Defendants' acts as alleged constitute trademark infringement and false designation of origin in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of plaintiff's business reputation and goodwill.

**43.** Plaintiff has no adequate remedy at law.

**44.** WHEREFORE, Plaintiffs pray for an order of the Court:

a.    Granting a preliminary and permanent injunction restraining defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

i.    infringing plaintiff's trademark rights; and

ii.   unfairly competing with Plaintiffs.

b.    Directing defendants to immediately cease use of the Say Beignet Café & Wine Bar name or any other name confusingly similar to plaintiff's trademark SAY BEIGNET™ and to authorize the transfer of any telephone numbers, internet domain names, and/or email addresses used in connection with its infringing activities;

c.    Directing defendants to immediately cease use of the Say Beignet Café & Wine Bar LLC name or any other name confusingly similar to plaintiff's trademark SAY BEIGNET™ in the any telephone and/or internet business directory;

d.    Directing defendants to use their best efforts to recall from the trade and other third parties any and all marketing, advertising and promotional material used in connection with its restaurant and food services, including removal of the Say Beignet Café & Wine Bar, LLC name, telephone number and email address from any telephone and/or internet business directory;

e.    Directing defendants to file with the Court and Serve on counsel for plaintiffs, within thirty days, after entry of any injunction issued by the court in this action, a sworn statement as provided in 15 U.S.C. §1116 setting forth in detail the manner and form in which they have complied with the injunction;

f.    Directing defendants to deliver up to plaintiffs for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing

10

articles and any promotion, marketing, advertising and promotional materials used in connection therewith, now or hereafter in its possession, custody or control;

g.       Directing defendants to account to plaintiffs for any and all profits derived by them from the sale of goods or services bearing the infringing trademark;

h.       Directing defendants to cooperate in any way necessary with plaintiffs in the administration of the terms of such an injunction, including by executing any documentation required by any telephone, internet or marketing provider in connection therewith;

i.       Awarding plaintiff a monetary judgment against defendants for plaintiffs' damages and defendants' profits pursuant to 15 U.S.C. § 1117;

j.       Trebling the amount of such award on account of defendants' willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

k.       Awarding plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of defendants' intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and;

l.       Awarding plaintiff such other and further relief as the Court may deem just and proper.

## COUNT FOUR
### (Common Law Unfair Competition:
### Edwin and Vivian Rios Against all Defendants)

**45.**     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

**46.**     Defendants' aforementioned acts constitute unfair competition in violation of the common law of the State of Illinois.

**47.**     Plaintiffs have been damaged by defendant's aforementioned acts.

11

**48.** WHEREFORE, Plaintiffs pray for an order of the Court:

a. Granting a preliminary and permanent injunction restraining defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from:

    i. infringing plaintiff's trademark rights; and

    ii. unfairly competing with Plaintiffs.

b. Directing defendants to immediately cease use of the Say Beignet Café & Wine Bar name or any other name confusingly similar to plaintiff's trademark SAY BEIGNET™ and to authorize the transfer of any telephone numbers, internet domain names, and/or email addresses used in connection with its infringing activities;

c. Directing defendants to immediately cease use of the Say Beignet Café & Wine Bar LLC name or any other name confusingly similar to plaintiff's trademark SAY BEIGNET™ in the any telephone and/or internet business directory;

d. Directing defendants to use their best efforts to recall from the trade and other third parties any and all marketing, advertising and promotional material used in connection with its restaurant and food services, including removal of the Say Beignet Café & Wine Bar, LLC name, telephone number and email address from any telephone and/or internet business directory;

e. Directing defendants to file with the Court and serve on counsel for plaintiffs, within thirty days, after entry of any injunction issued by the court in this action, a sworn statement setting forth in detail the manner and form in which they have complied with the injunction;

f. Directing defendants to deliver up to plaintiffs for destruction or other

12

disposition, within thirty days of the entry of final judgment herein, any and all infringing articles and any promotion, marketing, advertising and promotional materials used in connection therewith, now or hereafter in its possession, custody or control;

       g.     Directing defendants to account to plaintiffs for any and all profits derived by them from the sale of goods or services bearing the infringing trademark;

       h.     Directing defendants to cooperate in any way necessary with plaintiffs in the administration of the terms of such an injunction, including by executing any documentation required by any telephone, internet or marketing provider in connection therewith;

       i.     Awarding plaintiffs a monetary judgment against defendants for plaintiffs' damages and defendants' profits;

       j.     Trebling the amount of such award on account of defendants' willful, intentional, and bad faith;

       k.     Awarding plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of defendants' intentional and willful infringement;

       l.     Awarding plaintiff such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
**(Violation of FLSA, 29 U.S.C. §201 et seq.: Vivian Rios Against all Defendants)**

**49.**     Plaintiff Vivian Rios repeats and realleges each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

**50.**     By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq., by failing to pay Vivian Rios her earned wages.

**51.**     As a result of these violations, Vivian Rios suffered pecuniary losses.

52. Defendants were aware that the FLSA applied to them or showed reckless disregard as to whether or not FLSA applied to them, and their violations were willful and wanton, warranting the imposition of liquidated damages.

53. Wherefore, Vivian Rios prays that this Court:

a. Order Defendants to produce all records of all hours worked by Vivian Rios and of all compensation received by her for the term of her employment;

b. Enter judgment in favor of Vivian Rios in the amount shown to be due for the Defendants' failure to pay her earned wages, plus liquidated damages in an equal amount;

c. Enter judgment against Defendants for Vivian's Rios' reasonable attorney's fees, expenses, and the costs of this action; and

d. Award Vivian Rios such other further relief as this Court Deems just and equitable.

**COUNT SIX**
**(Violation of the IWPCA, 820 ILCS 115/1 *et seq*.: Vivian Rios Against all Defendants)**

54. Plaintiff Vivian Rioss repeats and realleges each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

55. By virtue of the foregoing, Defendants violated the IWPCA, 820 ILCS 115/1 et seq. by failing to pay Vivian Rios her earned wages, final compensation, and wage supplements

56. As a result of these violations, Vivian Rios suffered pecuniary losses.

57. Defendants violations were willful and wanton, warranting the imposition of liquidated damages.

58. Wherefore, Vivian Rios prays that this Court:

a. Order Defendants to produce all records of all hours worked by Vivian

14

Rios and of all compensation received by her for the term of her employment;

        b.     Enter judgment in favor of Vivian Rios and against Defendants in the amount shown to be due for the Defendants' failure to pay wages, final compensation, nd wage supplements, plus 2% of the amount of any such underpayment pursuant to §14 of the IWPCA, 820 ILCS 115/14;

        c.     Enter judgment in favor of Vivian Rios against Defendants for any available punitive damages;

        d.     Enter judgment against Defendants for Vivian Rios' reasonable attorney's fees, expenses, and the costs of this action; and

        e.     Award Vivian Rios such other further relief as this Court Deems just and equitable.

### COUNT SEVEN
### (Breach of Employment Contract: Edwin Rios against all Defendants)

**59.**     Plaintiff Edwin Rios repeats and realleges each and every allegation of the preceding paragraphs as though fully set out in the following paragraphs.

**60.**     By virtue of the foregoing, Defendants violated the IWPCA, 820 ILCS 115/1 et seq. by failing to pay Edwin Rios his earned wages, final compensation, and wage supplements

**61.**     As a result of these violations, Edwin Rios suffered pecuniary losses.

**62.**     Defendants violations were willful and wanton, warranting the imposition of liquidated damages.

**63.**     Wherefore, Edwin Rios prays that this Court:

        a.     Order Defendants to produce all records of all hours worked by Vivian Rios and of all compensation received by her for the term of her employment;

b.      Enter judgment in favor of Vivian Rios and against Defendants in the amount shown to be due for the Defendants' failure to pay wages, final compensation, nd wage supplements, plus 2% of the amount of any such underpayment pursuant to §14 of the IWPCA, 820 ILCS 115/14;

c.      Enter judgment in favor of Vivian Rios against Defendants for any available punitive damages;

d.      Enter judgment against Defendants for Vivian Rios' reasonable attorney's fees, expenses, and the costs of this action; and

e.      Award Vivian Rios such other further relief as this Court Deems just and equitable.

September 11, 2014

_____
Attorney for  Plaintiffs

Carlton Odim
Odim Law Offices
Attorney for Plaintiff
225 West Washington Street
Suite 2200
Chicago, Illinois 60606
(312) 578-9390

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

EDWIN RIOS and VIVIAN RIOS          ,  )
                                                          )
          **Plaintiffs,**           )
                                                          )
        **vs.**                         )          **14 C** _____
                                                          )
**Jacqueline Herrerias; Say Beignet Café** )
**& Wine Bar, LLC (an Illinois Limited**      )
**Liability Company); the Hems Group**       )
**(an Illinois Partnership); Hems Group,**   )
**LLC (an Illinois Limited Liability**          )
**Company),**                                       )
                                                          )
       **Defendants.**           )

### Consent to Be a Plaintiff in a Fair Labor Standards Act Lawsuit

1. I understand that this lawsuit is being brought pursuant to the Fair Labor Standards Act and other laws. I hereby consent to be a Plaintiff in this lawsuit. I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

2. I hereby appoint Carlton Odim of Odim Law Offices as my attorneys for the lawsuit in which those Fair Labor Standards Act claims are being brought.

3. I hereby further authorize Carlton Odim to attach this Consent to the Fair Labor Standards Act Complaint, to file this Consent as part of that Complaint, and/or to otherwise file this Consent in Court.

Agreed:

_____
Vivian Rios