**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **EDWIN RIOS AND VIVIAN RIOS,** Plaintiffs, v. **JACQUELINE HERRERIAS, et al.,** Defendants. | No. 14 C 7030 Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

On February 5, 2016, after a settlement conference with the undersigned Magistrate Judge, the parties reached a tentative settlement of their dispute. (Dkt. 92). While the parties agreed that Defendants would forever forgo the right to use the name "Say Beignet Café" and that any monetary payments by Defendants would be paid over a 10-month period, they failed to agree on the settlement amount. (*Id.*). The Court recommended that Defendants pay $50,000 to Plaintiffs to resolve their dispute. The Court gave the parties until February 9 to accept or reject the recommendation. (*Id.*). On February 8, the parties each advised the Court that they accepted the Court's monetary proposal. (Dkt. 93).

Afterwards, the parties exchanged written settlement proposals but were unable to finalize their settlement. (Dkt. 101 at ¶¶ 1, 13, 18; Dkt. 104 at 2). Defendants filed a motion to enforce the April 8 draft of the proposed settlement agreement and for sanctions against Plaintiffs. (Dkt. 101 at ¶ 26 & Ex. K). The parties have con-

sented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (Dkt. 95, 97). For the reasons discussed below, Defendants' motion is granted in part and denied in part.

## I. DISCUSSION

As alleged in the Second Amended Complaint, Plaintiff Edwin Rios and Defendant Jacqueline Herrerias are two of four partners of The Hems Group Partnership, an Illinois partnership formed via oral agreement to hold and manage food and drink service businesses. (Dkt. 29 at ¶ 1). Defendant Say Beignet Café LLC is the first such business. (*Id.*). The trademark "Say Beignet" is owned by Plaintiffs Edwin and Vivian Rios. (*Id.*). The partners formed Defendant Hems Group LLC to manage Defendant Say Beignet Café LLC d/b/a Say Beignet Coffee and Wine Bar and to manage the capital investments made in Say Beignet Café LLC. (*Id.*). Plaintiffs assert claims for judicial dissolution of partnership (Count I), breach of fiduciary duties (Count II), trademark infringement (Count III), unfair competition (Count IV), violation of the Fair Labor Standards Act (Count V), violation of the Illinois Wage Payment and Collection Act (Count VI), and breach of employment contract (Count VII).[1] (*Id.* at ¶¶ 42–64).

### A. Settlement Agreement

The parties agree that they have an enforceable agreement, which releases all Plaintiffs' claims in exchange for the payment of $50,000 over 10 months and De-

---

[1] On August 5, 2015, the Court granted Plaintiffs' motion to dismiss Counts I and II of the Second Amended Complaint (Dkt. 29) without prejudice. (Dkt. 47, 50).

fendants' agreement to forever forego the right to use the name "Say Beignet Café." (Dkt. 101 at ¶ 1; Dkt. 104 at 1–2). The parties' only dispute is how to handle an issue concerning 1099 forms for tax years 2013 and 2014. (Dkt. 101 at ¶¶ 2–3; Dkt. 104 at 4).

Settlement agreements—whether oral or written—are contracts, and their construction and enforcement are governed by basic contract principles, under applicable state contract law—in this case, the law of Illinois. *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). "A settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms." *Id.* (citing *SBL Assoc. v. Village of Elk Grove*, 617 N.E.2d 178, 182 (Ill. App. Ct. 1993)). "Illinois follows the objective theory of intent whereby the written records of the parties' actions—rather than their subjective mental processes—drive the inquiry." *Id.* (citing *Int'l Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.,* 168 522 N.E.2d 758, 764 (Ill. App. Ct. 1988)).

Here, the Court finds, as agreed by the parties, that there was a meeting of the minds to release the claims alleged in the Second Amended Complaint in exchange for a payment of $50,000 over 10 months and an agreement by Defendants to stop using the name "Say Beignet Café." (Dkt. 92; Dkt. 93; Dkt. 101 at ¶ 1; Dkt. 104 at 1–2). However, there has been no meeting of the minds regarding the 1099s issued to Plaintiffs for tax years 2013 and 2014. There is no allegation in the Second Amended Complaint regarding this issue and no assertion by either party that it was discussed at the settlement conference. The parties disagree on the exact date,

but the issue was raised for the first time either on April 13 or April 25, 2016 (*compare* Dkt. 101 at ¶ 12, *with* Dkt. 104 at 5), long after the settlement conference.

Defendants contend that the Court should enforce the fifth draft of the settlement agreement as the parties' enforceable agreement. (Dkt. 101 at ¶¶ 19–22). But Plaintiffs never accepted this draft—or any of the proposed drafts—of the written settlement agreement. (Dkt. 104, Ex. 1) (declarations by Edwin and Vivian Rios that they "never agreed to a written settlement proposal in this case with the defendants").[2] Where the settlement terms are negotiated out of court, "the client will not be bound by the agreement without *proof of express authority*." *Shapo v. Tires 'N Tracks, Inc.*, 782 N.E.2d 813, 823 (Ill. App. Ct. 2002) (emphasis added). Defendants' counsel asserts that on April 14, 2016, Plaintiffs' counsel "acknowledged that Plaintiffs would agree to a mutual release of all claims, and did not identify any wage claims outside of the ones alleged in this litigation." (Dkt. 101, Ex. 1 (Prinz Decl.) at ¶ 8(*l*)). However, the Court will not assume that Plaintiffs' counsel had the requisite authority to make this statement; instead, Defendants "have the burden to affirmatively prove that [Plaintiffs' counsel] had proper authority to settle the case." *Johnson v. Dart*, No. 09 C 6940, 2011 WL 3157298, at *3 (N.D. Ill. July 26, 2011) (citing *Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 999 (7th Cir. 2001)). And where the proposed settlement terms are negotiated out of court, "opposing counsel is put on notice to ascertain the attorney's authority. If opposing counsel fails to make inquiry or to demand proof of the attorney's authority, opposing counsel deals with the at-

---

[2] Instead, Plaintiffs acknowledge that they "agreed to the settlement terms recommended by the court after our settlement conference." (Dkt. 104, Ex. 1).

torney at his or her peril." *Brewer v. Nat'l R.R. Passenger Corp.*, 649 N.E.2d 1331, 1334 (Ill. 1995).

In sum, Defendants' motion to enforce the settlement is **GRANTED IN PART**. The Court finds that the parties have an enforceable settlement agreement:

> Defendants shall forever forego the right to use the name "Say Beignet Café." Defendants shall pay Plaintiffs Edwin and Vivian Rios a total of $50,000 in equal monthly installments of $5,000 over a 10-month period, beginning on September 1, 2016, in full satisfaction of all Plaintiffs' claims, inclusive of attorneys' fees and cost. All of Plaintiffs' claims in the Second Amended Complaint—judicial dissolution of partnership (Count I), breach of fiduciary duties (Count II), trademark infringement (Count III), unfair competition (Count IV), violation of the Fair Labor Standards Act (Count V), violation of the Illinois Wage Payment and Collection Act (Count VI), and breach of employment contract (Count VII)—are dismissed with prejudice. The Court retains jurisdiction to enforce the terms of this agreement.

### B. Sanctions

Defendants also request sanctions for Plaintiffs' failure to negotiate a written settlement agreement in good faith and for introducing new terms and conditions long after the settlement conference concluded. As discussed more fully below, the Court agrees.

This Court has the inherent power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45 (1991). "Sanctions meted out pursuant to the court's inherent power are appropriate where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009). "There is no single litmus test for determining what constitutes bad faith, though more than mere negligence is required." *Grochocinski v. Mayer*

*Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013). "The standard for objective bad faith does not require a finding of malice or ill will; reckless indifference to the law will qualify." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006); *see Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000) ("Fault does not speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.") (citation omitted).

The Court finds that Plaintiffs Edwin and Vivian Rios have acted in bad faith. On February 8, 2016, Plaintiffs agreed to fully settle their lawsuit for a payment of $50,000. (Dkt. 93). The next day, their counsel agreed to prepare the initial draft of a written settlement agreement, which was completed on March 25, 2016. (Dkt. 101, Exs. A & C). Over the next several weeks, the parties exchanged additional drafts, which resolved most of their disagreements. (*Id.*, Exs. D–I). Thus, by the fourth draft, the parties' counsel had agreed to the following: (1) mutual general release of claims, (2) mutual confidentiality, (3) mutual nondisparagement, (4) settlement amount installment schedule, (5) waiver of costs and attorneys' fees, (6) dismissal of lawsuit, and (7) remedies in event of breach. (*Id.*, Ex. I). Nevertheless, some time between April 13 and 25, Plaintiffs—for the first time—raised the issue of the 1099s issued to them for tax years 2013 and 2014—an issue not included in their Complaint or raised at the settlement conference.[3] (Dkt. 101 at ¶ 12; Dkt. 104

---

[3] Plaintiffs acknowledge being aware of the purported 1099 issue at least three months prior to the February 2016 settlement conference. (Edwin Rios Decl. at ¶ 3; Vivian Rios Decl. at ¶ 3).

at 5). By raising this tax issue at the eleventh hour, Plaintiffs were not seeking a minor concession from Defendants; to the contrary, this concession is valued at over $68,000—a value which significantly exceeds the negotiated settlement. (Dkt. 101 at ¶ 23; Edwin Rios Decl. at ¶ 5; Vivian Rios Decl. at ¶ 5). When Defendants refused to concede this issue, the negotiations on a written settlement agreement broke down. (Dkt. 101, Exs. L–P). Thereafter, the Rioses took the position that they *never agreed to any of the written settlement drafts, even those submitted by their own counsel.* (Edwin Rios Decl. at ¶ 2) ("I never agreed to a written settlement proposal in this case with the defendants."); (Vivian Rios Decl. at ¶ 2) (same).

Under these circumstances, the Court finds that Edwin and Vivian Rios have abused the judicial process and conducted their lawsuit in bad faith. First, after agreeing to settle their lawsuit for $50,000 and the rights to use the name "Say Beignet Café," they sought additional concessions that would have more than doubled the settlement value. Then, by asserting that they never agreed to any of the settlement drafts—including those drafted by *their* counsel—the Rioses are telling the Court they had no intent to enter into a written settlement agreement despite the fact that their counsel was drafting and redrafting and introducing the additional concession regarding the 2013 and 2014 1099s. The Court concludes that such conduct is in bad faith, increased Defendants' litigation costs, and wasted judicial resources. *See Mach v. Will Cty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009) ("unnecessary delay" and "needless increase in the cost of litigation" are examples of bad faith subject to sanctions).

Plaintiffs contend that their conduct is not sanctionable because the parties merely had trouble reducing their settlement to writing. (Dkt. 104 at 7–9). But this argument ignores the impact of raising the 2013 and 2014 tax issue so late in the process. Plaintiffs also fail to explain how submitting proposed settlement agreements through their counsel that they now say they never agreed to was not needlessly increasing Defendants' costs. Because of Plaintiffs' conduct, both parties are left without the protection of a written settlement agreement including (1) mutual general release of claims, (2) mutual confidentiality, and (3) mutual nondisparagement.

Defendants' request for sanctions is **GRANTED**.

## II. CONCLUSION

For the reasons stated above, Defendants' Motion to Enforce the Settlement Agreement [101] is **GRANTED IN PART AND DENIED IN PART**. The Court finds that the parties have an enforceable settlement agreement, as follows:

> Defendants shall forever forego the right to use the name "Say Beignet Café." Defendants shall pay Plaintiffs Edwin and Vivian Rios a total of $50,000 in equal monthly installments of $5,000 over a 10-month period, beginning on September 1, 2016, in full satisfaction of all Plaintiffs' claims, inclusive of attorneys' fees and cost. All of Plaintiffs' claims in the Second Amended Complaint—judicial dissolution of partnership (Count I), breach of fiduciary duties (Count II), trademark infringement (Count III), unfair competition (Count IV), violation of the Fair Labor Standards Act (Count V), violation of the Illinois Wage Payment and Collection Act (Count VI), and breach of employment contract (Count VII)—are dismissed with prejudice. The Court retains jurisdiction to enforce the terms of this agreement.

Defendants are given until July 11, 2016, to file a motion for attorney fees, which may include all of their time and expenses litigating this case after Plaintiffs' initial settlement draft was submitted to them on March 25, 2016. Plaintiffs may file any response by July 18, 2016. The Court will rule by mail.

E N T E R:

Dated: June 30, 2016

_Mary M Rowland_
MARY M. ROWLAND
United States Magistrate Judge